Clark vs. Clark and others.

CLARK, Appellant, vs. CLARK and others, by guardians *ad litem*, Respondents.

*February 28 — March 18, 1890.*

*Mortgages: Transfer of title: Merger: Estates of decedents.*

1. The mere possession by a husband of a note and mortgage executed to his deceased wife is not sufficient to show a transfer of the title to him.
2. A husband whose wife has died intestate can acquire title to a note owned by her only through administration of her estate.
3. A mortgage becomes merged and extinguished when the mortgagee, being an heir of the mortgagor, acquires the interests of the other heirs in the premises.

APPEAL from the Circuit Court for *Fond du Lac* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action for the foreclosure of a mortgage executed by one Martin Reynolds, June 12, 1874, to his daughter, one Sarah Clark, then wife of the plaintiff, for the sum of $300, on the premises described. The answer, in effect, denied the assignment of the note and mortgage to the plaintiff by Sarah Clark, and alleged facts showing the extinguishment of the mortgage during her life-time.

Upon the trial the court found, as matters of fact, in effect, that said Martin Reynolds, soon after making said mortgage, and in 1874, died intestate, seised and possessed of said mortgaged premises; that at the time of his death he left, him surviving, five sons and three daughters, including the said Sarah Clark; that upon his death each of said several sons and the two daughters united in deeds wherein and whereby each and all of them quitclaimed their several interests in and to said mortgaged premises to said Sarah Clark, who thereby became the owner in fee-simple of said mortgaged premises, and remained such

owner until her death; that such deeds and transfer to her were all made during the years 1874, 1875, and 1876, inclusive; that said Sarah Clark continued to live with the plaintiff as his wife until in 1884, when she died intestate; that after acquiring the deeds of said mortgaged premises, as stated, she remained in possession thereof, as owner, until the time of her death; that the several defendants in this action are infants, and children of the said Sarah Clark by the said plaintiff; that no administration has been had upon the estate of said Sarah Clark; that the plaintiff is not now, and never was, the lawful owner and holder of said note and mortgage; that they were never transferred to the plaintiff at any time.

And, as conclusions of law, the court found, in effect, that the defendants were entitled to judgment dismissing the complaint; that there was no transfer of said note and mortgage to the plaintiff; that said mortgage was merged in said Sarah Clark by the conveyance of said mortgaged premises to her by said heirs at law. of said Martin Reynolds; that the defendants were entitled to judgment, with costs and disbursements of the action.

From the judgment entered upon such findings the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Charles D. Smith.*

For the respondents there was a brief by *Hoey & Hammond,* and the cause was argued orally by *T. J. Hoey* and *Maurice McKenna.*

CASSODAY, J.   The findings of the court are sustained by the evidence.   It is virtually conceded that when the plaintiff's wife received the note and mortgage from her father the same became her sole and separate property.   There is no competent evidence tending to prove that she ever transferred, or attempted to transfer, the title of them or either

of them to plaintiff. The mere fact that a husband happens to get into his hands or custody a note or note and mortgage thus received by his wife raises no inference that she has transferred the title to him.

Besides, on the death of her father in 1874, the legal title to the mortgaged premises descended to her and his other heirs at law, who thereupon conveyed their respective titles to her. By such acquisition of the title her mortgage became merged and extinguished.

Assuming that the note survived such acquisition of title as a claim against her father's estate, yet, as she died intestate, the plaintiff could not thereafter acquire title to the same, except through administration of her estate. *Marshall v. Pinkham*, 52 Wis. 590. There is no evidence that such title was thus acquired. The result is that the plaintiff had no right of action against his infant children.

*By the Court.*— The judgment of the circuit court is affirmed.